IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF STRAIGHTLINE CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) No. 2:05-cv-1294 |
| v. | ) ) Judge Thomas M. Hardiman |
| CNA SURETY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case involves a contract dispute between a subcontractor and its surety. Plaintiff Straightline Corporation (Straightline) was hired to fabricate and install woodwork and cabinetry at the federal courthouse annex in Wheeling, West Virginia. Straightline filed a complaint under the Miller Act, 42 U.S.C. §4033, against Defendant CNA Surety (CNA), alleging non-payment of the total amount due on Straightline's contract with the prime contractor, Dick Corporation. Defendant CNA filed a motion to dismiss for improper venue under Rule 12(b)(3), or, alternatively, to transfer venue to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §1404.

CNA claims that venue is improper in this district because of the venue provision of the Miller Act, which provides:

> A civil action brought under this subsection must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy.

40 U.S.C. §3133(b)(3)(B). CNA asserts that because performance of the contract occurred at the courthouse for the United States District Court for the Northern District of West Virginia, Straightline's Miller Act claims must be adjudicated in that forum. Straightline responds that only a portion of the contract, namely the installation, was to be performed in Wheeling, West Virginia. Straightline argues that the remaining 70% of the contract consisted of fabricating the woodwork which was to be installed in West Virginia, and that this fabrication was performed in the Western District of Pennsylvania, rendering this Court the proper forum to adjudicate Straightline's Miller Act claims.

In its brief, Straightline argues that courts have differed in their interpretation of the word "performed" under the Miller Act venue provision. *See* 40 U.S.C. §3133(b)(3)(B). The Third Circuit has yet to decide this issue and Straightline acknowledges that courts generally have adopted a narrow interpretation of the term "performed," which limits the proper venue for a Miller Act claim to the district in which the government project is located. *See, e.g., United States for the Use and Benefit of Caswell Equip. Co., Inc. v. Fidelity and Deposit Co. of Maryland*, 494 F. Supp. 354 (D. Minn. 1980). However, Straightline urges the Court to adopt a minority position that any district in which any substantial aspect of contract performance takes place is a proper venue for Miller Act claims, citing *United States for the Use and Benefit of Expedia, Inc. v. Altex Enterprises, Inc.*, 734 F. Supp. 972 (M.D. Fla. 1990).

The Court believes that Straightline's expansive reading of the Miller Act's venue provision is unwarranted. Instead, the Court finds persuasive the rationale advanced by the District Court for the District of Minnesota in *Caswell*, which construed the Miller Act's venue provisions more narrowly. In *Caswell*, the government project for which the plaintiff's services

were subcontracted was the creation of a firing range in the U.S. Customhouse in Chicago, Illinois. *Caswell*, 494 F. Supp. at 356. Although the final installation of the firing range equipment was to occur in Chicago, the primary design and fabrication of the equipment was conducted in Minnesota, where the plaintiff corporation was located and filed suit. Indeed, plaintiff spent 120 days designing and fabricating the equipment in Minnesota and only 22 days installing the equipment in Chicago. *Id.* Thus, as a temporal matter, approximately 85% of the work under the contract occurred in Minnesota while 15% of the work occurred in Chicago. Nevertheless, the District Court in *Caswell* found that the proper venue for the plaintiff's Miller Act Claims was the Northern District of Illinois, not the District of Minnesota. *Id.* at 357. The facts in *Caswell* are similar to those presented by the instant case, where Straightline admits that at least 30% of its work occurred in Wheeling, West Virginia, the site of the government project for which its services were subcontracted.

Unlike *Caswell*, the *Expedia* case upon which Straightline relies is factually distinguishable from the instant case. The contract in *Expedia* called for the subcontractor to: (1) deliver certain kitchen equipment to a location in Florida, at which time the risk and ownership of the equipment passed to the prime contractor; and (2) furnish two men for four days to supervise the installation of the equipment in Bermuda after the equipment had been successfully delivered to Florida. *Expedia*, 734 F. Supp. 973-74 n.3. Under those circumstances, it was eminently reasonable for the district court to find that Florida was the location where the contract was "performed" since it was the final destination for delivery of the goods that were the subject of the contract. Moreover, the installation of the kitchen equipment in *Expedia* was not part of the performance of the contract – rather, the contract only required that the subcontractor

3

make two men available for no more than four days to supervise the installation of the equipment by others. *Id.* at 974.

The foregoing facts stand in stark contrast to the factual situation presented by the instant case, where Straightline could only complete its contractual obligations by bringing the fabricated woodwork to Wheeling, West Virginia and installing it there. As such, the Court finds that the only appropriate forum for Straightline's Miller Act claim is the Northern District of West Virginia.

When venue for a case is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Accordingly, in the interest of justice, the Court shall transfer this case to the Northern District of West Virginia, the only venue where it properly could have been brought.

An appropriate order follows.

                                                  /s/ Thomas M. Hardiman
Thomas M. Hardiman
United States District Judge

Dated: January 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF STRAIGHTLINE CORPORATION, </br></br>   Plaintiff, </br></br> v. </br></br> CNA SURETY, </br></br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  No. 2:05-cv-1294 </br></br> Judge Thomas M. Hardiman |

### ORDER

AND NOW, this 27th day of January, 2006 upon consideration of Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue (Doc. No. 4) it is hereby

ORDERED that said Motion is GRANTED in part and DENIED in part. The case is hereby ORDERED TRANSFERRED forthwith to the United States District Court for the Northern District of West Virginia.

BY THE COURT:

_____
Thomas M. Hardiman
United States District Judge

cc:   counsel of record